IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ROBERT BRITT | § | |
| v. | § | CIVIL ACTION NO. 6:21cv384 |
| SHERIFF LARRY SMITH, ET AL. | § | |

INITIAL REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Robert Britt, an inmate of the Smith County Jail proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are Smith County Sheriff Larry Smith, the Smith County Board of Commissioners, and Smith County District Clerk Penny Clarkston.

**I. Background**

In his complaint, Plaintiff states that on June 4, 2021, he was subjected to a shakedown in which all of his property, including legal work, commissary items, pictures, and stamps, was searched and then stolen. No confiscation papers were issued and few of the items were stored for pickup. His legal documents were lost, preventing him from offering a sound defense as a *pro se* litigant in an appellate case, no. 12-21-0144. Plaintiff contends it is "common practice" at the Smith County Jail for property which inmates are allowed to be taken and lost; he states this procedural deficiency "is promoted as policy by Sheriff Larry Smith." He has filed grievances which were confiscated, although some may be on file.

Although he says that his grievances clearly identify him as a *pro se* litigant, Plaintiff complains that the responses to his grievances disregard this and refuse to provide him with *pro se* law library privileges, thus interfering with due process and denying him access to court. He again contends that "the habitual practices of these procedures have established it as a policy under the oversight of Sheriff Larry Smith in the Smith County Jail." He similarly says he is suing the Smith County Board of Commissioners for "implementation of policy which violates due course / process of law."

Plaintiff complains that Smith County District Clerk Penny Clarkston "has been negligent in her ministerial duties to provide return service communication with regard to a Chapter 14 tort claim filed by Plaintiff in the month of July, 2021, addressing many of the issues being raised in this claim." He says that he sought mandamus relief from the Twelfth Judicial District Court of Appeals, but as of the filing of his original complaint, no case number has been assigned to his tort claim. A review of the on-line records of the Smith County judiciary do not show that any tort claim by Plaintiff has ever been filed.

In August of 2021, Plaintiff states that the Smith County Jail, being managed by Sheriff Smith under the employment of the Smith County Board of Commissioners, implemented a policy allowing a third party processor, JailATM, to handle mail going to pre-trial detainees, thus interfering with privacy rights granted by the First Amendment. He contends that the mail is opened outside of the presence of the recipient and scanned into an online account where it could be hacked. Although he has legal documents on file in the JailATM database, the jail administrators will not provide him with copies.

Finally, Plaintiff states he is a 75 year old black man with strong religious convictions of the Judaic variety, requiring to him to serve the Creator through dietary observances. He maintains a Kosher diet when not restrained in his liberty. Plaintiff states that he has requested that his religiously preferred diet be honored by Sheriff Smith, to no avail. He states that "three grievances have been met with silence, never returned to plaintiff."

Plaintiff attaches a number of exhibits to his complaint. The first of these is a Step One grievance dated August 15, 2021, saying that he received a six-year sentence from Judge Russell and he has three writs sitting on the judge's desk, along with a tort claim against jail employees. He is acting *pro se* and needs access to the law library. The response to this grievance, dated August 25, 2021, signed by grievance coordinator C. Saxon, says that Plaintiff is not a "pro se inmate" because he has not filed any appeals, and his requests have been denied because he signed a waiver of appeal or new trial. The court has to designate him as "pro se." (Docket no. 1-1, p. 1).

Next, Plaintiff has a letter dated August 25, 2021, signed by clerk Katrina McClenny of the Twelfth Judicial District Court of Appeals, saying that Plaintiff's petition for writ has been received and filed, but fails to comply with a number of provisions of Rule 52 of the Texas Rules of Appellate Procedure. Accordingly, the writ will be referred for dismissal unless it is amended to comply with Rule 52 by September 2, 2021. Another letter signed by McClenny, dated September 7, 2021, states that Plaintiff's supplement to his petition for writ of mandamus was received and filed. (Docket no. 1-1, pp. 3-4).

A Step Two grievance dated September 3, 2021, says that Plaintiff is furnishing evidence that he is a *pro se* litigant in the Court of Appeals but he may have already missed a crucial deadline, and asking that the records be corrected to show him as a *pro se* litigant. The response to this grievance, signed by an officer named K. Clayton, says that the letter Plaintiff provided shows that his petition was missing information and was dismissed on September 2, 2021. He has not been designated by the court as a pro se litigant and his request is denied. (Docket no. 1-1, p. 5).

On September 12, 2021, Plaintiff submitted a request asking for a copy of the waiver of appeal or new trial which he signed. The response, from Officer Saxon, says that only the clerk of court is authorized to make copies of such documents and Plaintiff will have to contact them. (Docket no 1-1, p. 6).

On July 19, 2021, Plaintiff filed a grievance saying that he filed a Step Two grievance form with attached documents on July 13 but never received it back. The response to this grievance,

signed by Officer Saxon on July 21, says that the Step Two grievance was received. (Docket no. 1-1, p. 7).

On July 21, 2021, Plaintiff filed a grievance (although he did not check the grievance box on the form) saying that he has been experiencing problems with mail and asking for the name of the mail officer so he can complain to the Postmaster General. The response to this grievance, signed by Lt. Bell on August 6, 2021, says that mail is sorted and passed out the day it is received and Smith County does not have a dedicated person responsible for mail. (Docket no. 1-1, p. 9).

On September 9, 2021, Plaintiff filed a grievance saying that the previous day, he received notarized legal mail, as it was displayed in the kiosk. He said he is a pro se litigant in the appellate court appealing a probation violation, asking for another hearing so he can present new evidence. However, the legal documents have been posted to his account, where they will certainly be erased. The original copies will be destroyed, preventing him from presenting the evidence at trial. He asked that the documents be copied from his account. The response from Officer Saxon stated that he is not a pro se inmate and the jail staff does not print documents off the kiosk. Court documents may be delivered to the courthouse. The response further said that Plaintiff's family can call the jail to ask about the process. (Docket no. 1-1, p. 10).

## II. The Defendants' Motion for Summary Judgment

On April 22, 2022, the Defendants filed a motion for summary judgment on the issue of exhaustion of administrative remedies. The Defendants state that the Smith County Jail has a three-step grievance procedure, consisting of a Step One grievance to the grievance officer, a Step Two appeal to the grievance review board, and a Step 3 appeal to the jail administrator. They contend that the summary judgment evidence shows Plaintiff did not pursue his claims through all three steps of the grievance procedure prior to filing suit, and his claims should therefore be dismissed.

The Defendants attach summary judgment evidence consisting first of the Smith County Jail rule book. The section on grievances (docket no. 26-1, p. 35) provides that grievances may be filed against a prohibited act performed by a detention officer or staff member, where a civil rights

violation has occurred, where there has been an abridgement of inmate privileges as cited in the jail plans, or a criminal act has occurred. The plan states that a grievance may be filed on a request form by checking the box marked "grievance" and forwarding it to the grievance officer, If the inmate does not agree with the grievance solution from the grievance officer, he may file an appeal to the grievance review board, and may appeal a decision from the review board to the jail administrator. The decision of the jail administrator is final.

An affidavit from Sheriff Larry Smith says that Plaintiff filed grievances on June 6, 8, and 10, 2021, requesting the return of contraband books and photos. These grievances were denied and not appealed. Plaintiff filed a grievance on July 19, 2021, complaining that he had not received any response to an earlier grievance filed on July 13. This grievance was denied and not appealed.

On August 15, 2021, Sheriff Smith's affidavit stated that Plaintiff filed a grievance asking for access to a law library. This was denied and Plaintiff did not appeal. On September 9, 2021, Plaintiff filed a grievance asking for copies of mail sent by his wife. This was denied, but Plaintiff was given alternative options. He did not appeal this grievance. The next day, Plaintiff filed a grievance asking for return of a document and for access to a law library. The document was returned but the law library access was denied. He did not appeal this grievance.

Plaintiff did not file a response to the motion for summary judgment; accordingly, the district court may accept as undisputed the facts listed in support of the Defendants' motion. Eversley v. Mbank Dallas, 843 F.2d 172, 174 (5th Cir. 1988); United States v. Dallas Area Rapid Transit, 96 F.3d 1445, 1996 U.S. App. LEXIS 25217, 1996 WL 512288 (5th Cir., August 30, 1996).

**III. Discussion**

The law governing the exhaustion of administrative remedies is found in 42 U.S.C. § 1997e, which provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under this statute, prisoners are required to exhaust available administrative remedies before filing suit in federal court. Jones v. Bock, 549 U.S. 199, 202, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004). Proper exhaustion is required, meaning the prisoner must not only pursue all available avenues of relief, but must also comply with all deadlines and procedural rules. Woodford v. Ngo, 548 U.S. 81, 89-95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). This requirement means mere "substantial compliance" with administrative remedy procedures does not satisfy exhaustion; instead, prisoners must exhaust administrative remedies properly. Dillon v. Rogers, 596 F.3d 260, 268 (5th Cir. 2010). All of the steps in a facility grievance procedure must be pursued in order to exhaust administrative remedies. Johnson, 385 F.3d at 515.

The Fifth Circuit has held that "district courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." Gonzalez v. Seal, 702 F.3d 785, 788 (5th Cir. 2012); *accord,* Ross v. Blake, 136 S.Ct. 1850, 1856-57, 195 L.Ed.2d 117 (2016) (district court may not excuse failure to exhaust available administrative remedies prior to filing a lawsuit under the Prison Litigation Reform Act, even to take "special circumstances" into account).

In this case, the Defendants have furnished uncontroverted summary judgment showing that Plaintiff did not appeal any of the grievances he filed through all three steps of the grievance procedure. There are no grievances in the record which were presented to the jail administrator, the final step in the grievance procedure. While Plaintiff has presented conclusory allegations that he filed grievances which did not receive a response, such allegations are insufficient to defeat a properly supported motion for summary judgment. Kidd v. Livingston, 463 F.App'x 311, 2012 U.S. App. LEXIS 3970, 2012 WL 614372 (5th Cir., February 28, 2012) ("conclusory assertions and production of an unprocessed Step Two form in the district court failed to create a genuine dispute

as to his exhaustion of this grievance,") *citing* Freeman v. Texas Department of Criminal Justice, 369 F.3d 854, 860 (5th Cir. 2004); Ryan v. Phillips, 558 F.App'x 477, 2014 U.S. App. LEXIS 5087, 2014 WL 1017117 (5th Cir., March 18, 2014) ("conclusory and unsubstantiated assertion that he initiated the applicable grievance procedure is insufficient to refute the lack of evidence that he filed any formal or informal grievances,") *citing* Duffie v. United States, 600 F.3d 362, 371 (5th Cir. 2010). These holdings comport with the long-standing principle that a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Powers v. Northside Independent School District, 951 F.3d 298, 307 (5th Cir. 2020).[1] *See also* Huff v. Neal, 555 F.App'x 289, 2014 U.S. App. LEXIS 1535, 2014 WL 274500 (5th Cir., January 27, 2014) (conclusory allegations that the plaintiff exhausted administrative remedies, that the Bureau of Prisons did not comply with its own regulations, and that the response to his request for informal resolution was delayed could not defeat the motion for summary judgment because "conclusory allegations supported by conclusory affidavits are insufficient to require a trial," *citing* Shaffer v. Williams, 794 F.2d 1030, 1033 (5th Cir. 1986)). Thus, Plaintiff did not exhaust his administrative remedies on his claims relating to the Smith County Jail.

The statute requires exhaustion of such administrative remedies "as are available." The Supreme Court has explained that where the relevant administrative procedure lacks authority to provide any relief, the inmate has nothing to exhaust. Ross, 578 U.S. at 643. The Defendants do not contend, nor does it logically appear, that the grievance procedures of the Smith County Jail have authority to provide any relief regarding Plaintiff's claims concerning the Smith County Clerk, which claims do not relate to the jail but to his alleged attempt to file a civil lawsuit in state court.

---

[1] Otherwise, a prisoner could defeat the exhaustion requirement by the simple expedient of filing conclusory declarations claiming exhaustion without support in the record, or claiming that prison officials refused to process his grievances. *See generally* Wall v. Black, 2009 U.S. Dist. LEXIS 90193, 2009 WL 3215344 (S.D.Miss., September 30, 2009) (prisoner's claim that prison officials denied him grievance forms does not automatically defeat summary judgment on the issue of exhaustion; instead, the prisoner must present sufficiently specific facts and not bald, conclusory assertions).

To the extent that Smith County Clerk Penny Clarkston seeks summary judgment based upon exhaustion of administrative remedies, this contention is without merit.

**IV. Conclusion**

On motions for summary judgment, the Court must examine the evidence and inferences drawn therefrom in the light most favorable to the non-moving party; after such examination, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Burleson v. Texas Department of Criminal Justice, 393 F.3d 577, 589 (5th Cir. 2004). If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial. Id., *citing* Allen v. Rapides Parish School Board, 204 F.3d 619, 621 (5th Cir. 2000).

The plaintiff cannot oppose summary judgment by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated or speculative assertions, or by only a scintilla of evidence. Boudreaux v. Swift Transportation Co., Inc., 402 F.3d 536, 540 (5th Cir. 2005); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). There is no genuine issue for trial if the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party. Prison Legal News v. Livingston, 683 F.3d 201, 211 (5th Cir. 2012).

The court has no obligation to sift the record in search of evidence to support a party's opposition to summary judgment. Adams v. Traveler's Indemnity Co., 465 F.3d 156, 164 (5th Cir. 2008). Instead, a party opposing summary judgment must identify specific evidence in the record that supports the challenged claims and articulate the precise manner in which that evidence supports the challenged claim. Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). A properly supported motion for summary judgment should be granted unless the opposing party produces sufficient evidence to show that a genuine factual issue exists. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

A review of the pleadings and summary judgment evidence in this case shows that there are no disputed issues of material fact and the Defendants Sheriff Larry Smith and the Smith County Board of Commissioners are entitled to judgment as a matter of law because the Plaintiff Robert Britt did not exhaust his administrative remedies. As a result, the claims against these Defendants should be dismissed without prejudice. Bargher v. White, 928 F.3d 439, 447 (5th Cir. 2019).

## RECOMMENDATION

It is accordingly recommended that the Defendants' motion for summary judgment on the issue of exhaustion of administrative remedies (docket no. 26) be granted as to the Defendants Sheriff Larry Smith and the Smith County Board of Commissioners and the claims against these Defendants dismissed without prejudice. To the extent that Smith County Clerk Penny Clarkston seeks summary judgment on the issue of exhaustion, such motion should be denied.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See* Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. <u>Duarte v. City of Lewisville</u>, 858 F.3d 348, 352 (5th Cir. 2017).

**So ORDERED and SIGNED this 15th day of June, 2022.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE