IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ROBERT BRITT | § | |
| v. | § | CIVIL ACTION NO. 6:21cv384 |
| SHERIFF LARRY SMITH, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Robert Britt, a former inmate of the Smith County Jail proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants were Smith County Sheriff Larry Smith, the Smith County Board of Commissioners, and Smith County District Clerk Penny Clarkston. Of these defendants, only Clarkston remains in the case.

**I. Background**

Plaintiff complains that "the Smith County District Clerk, Penny Clarkston, has been negligent in her ministerial duties to provide return service communication with regards to a Chapter 14 tort claim filed by Plaintiff in the month of July, 2021, addressing many of the issues being raised in this claim. In appellate cause number 12-2100144-CR, Plaintiff has asked the Twelfth Court of Appeals in Tyler, Texas for a writ of mandamus to order communication from the district clerk, to no avail as of yet. No cause number, known to plaintiff, has been assigned to said tort."

Plaintiff says that he sought mandamus relief from the Twelfth Judicial District Court of Appeals, but as of the filing of his original complaint, no case number has been assigned to his tort claim. A review of the on-line records of the Smith County judiciary do not show that any tort claim by Plaintiff has ever been filed.

1

**II. The Defendant's Motion to Dismiss and Motion for Summary Judgment**

A copy of the order dismissing Sheriff Smith and the Board of Commissioners was sent to Plaintiff on October 5, 2022, but was returned as undeliverable on October 24, 2022. On October 27, 2022, Clarkston filed a motion to dismiss for want of prosecution, stating that Plaintiff had failed to keep the Court advised of his address. On November 21, 2022, Clarkston filed a motion for summary judgment arguing that Plaintiff failed to show any constitutional violation by Clarkston, Plaintiff was able to pursue his appeals and his mandamus petition in state court, he was not denied access to court, he does not allege personal involvement, Clarkston is shielded by official and qualified immunity, Plaintiff's claims are barred by quasi-judicial immunity, and he has no basis under 42 U.S.C. §1983 for claiming supervisory liability.

Plaintiff did not file a response to the motion for summary judgment; accordingly, the district court may accept as undisputed the facts listed in support of the Defendants' motion. Eversley v. Mbank Dallas, 843 F.2d 172, 174 (5th Cir. 1988); United States v. Dallas Area Rapid Transit, 96 F.3d 1445, 1996 U.S. App. LEXIS 25217, 1996 WL 512288 (5th Cir., August 30, 1996).

**III. Discussion**

Plaintiff's failure to keep the Court apprised of his current mailing address represents a basis for dismissal for failure to prosecute. *See, e.g.*, *Shuemake v. Hillhouse*, civil action no. 6:18cv349, 2021 U.S. Dist. LEXIS 134588, 2021 WL 3044433 (E.D.Tex., July 2, 2021), *Report adopted at* 2021 U.S. Dist. LEXIS 133375, 2021 WL 3032725 (E.D.Tex., July 19, 2021).

However, the Defendant's motion for summary judgment correctly contends that Plaintiff has failed to set out a constitutional violation. Plaintiff's complaint is in effect that Clarkston denied him access to court by failing to file his tort claim or failing to communicate with him about the tort claim. The courts have held that inmates have a right of access to court, but an actual injury must be shown to set out a violation of this right. Lewis v. Casey, 518 U.S. 343, 354, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); Mann v. Smith, 796 F.2d 79, 83 (5th Cir. 1986). The Supreme Court provided the following examples of "actual injury":

> [The inmate] might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered some arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Lewis, 518 U.S. at 351; *see also* McIntosh v. Thompson, 463 F.App'x 259, 2012 U.S. App. LEXIS 3711, 2012 WL 602437 (5th Cir., February 24, 2012) (even if the destruction of the inmate's legal paperwork restricted his constitutional rights, the inmate failed to allege an injury in fact, which is required to state a claim for denial of meaningful access to the courts).

In Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002), the Supreme Court explained the right of access to the courts "rest[s] on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court. A plaintiff complaining of loss or inadequate settlement of a meritorious case, the loss of an opportunity to sue, or the loss of an opportunity to seek some particular order of relief must describe the predicate claim [i.e. the underlying case for which access to courts is sought] well enough to show the claim is not frivolous and the "arguable" nature of this claim is "more than hope." *Id*. at 415; *see also* Lewis, 518 U.S. at 353 and n. 3 (actual injury requires the underlying claim for which access to court was allegedly denied be arguable and non-frivolous; depriving someone of a frivolous claim "deprives him of nothing at all, except perhaps the punishment of Rule 11 sanctions.")

This requirement of actual injury has been applied to lawsuits against court clerks. Jackson v. Johnson, 66 F.App'x 525, 2003 WL 21017469 (5th Cir., April 15, 2003) (dismissing denial of access to courts claim against clerk of the U.S. Supreme Court because the plaintiff failed to show an actual injury); Higgins v. Bennett, 115 F.App'x 296, 2004 WL 2843333 (5th Cir., December 17, 2004) (dismissing claim against the clerk of the Texas Court of Criminal Appeals because the plaintiff failed to show an actual injury).

In Mendoza v. Strickland, 414 F.App'x 616, 2011 U.S. App. LEXIS 2257, 2011 WL 396478 (5th Cir., February 3, 2011), the prisoner complained of interference with his right of access to court

3

with relation to his criminal prosecution and his collateral post-conviction challenge. The Fifth Circuit determined the prisoner's complaint of interference with his criminal prosecution lacked merit because he was represented by counsel and thus his right of access to court had not been infringed. To the extent the prisoner complained of interference with his state post-conviction challenge, in which he proceeded *pro se*, the Fifth Circuit explained as follows:

> Even assuming arguendo that Mendoza's amended complaint includes a claim that the defendants interfered with the pursuit of his state post-conviction challenge, in which he proceeded pro se, we conclude that Mendoza failed to plead an actual injury, as required by the Supreme Court in Harbury. Under Harbury, the underlying cause of action is an element which must be affirmatively pleaded. 536 U.S. at 415, 122 S.Ct. 2179. In order to demonstrate actual injury, the complainant must show that the underlying cause of action was "arguable" and "non-frivolous." Id. Mendoza failed to provide any information about his state post-conviction application from which this court can conclude that the post-conviction application contained a "non-frivolous," "arguable" underlying claim.

Plaintiff has offered nothing to suggest that the underlying cause of action about which he complains - the tort claim which he alleges was not filed - was an arguable, non-frivolous cause of action. Consequently, he has failed to meet the elements of a denial of access to court claim, and the Defendant's motion for summary judgment should be granted.

**IV. Conclusion**

On motions for summary judgment, the Court must examine the evidence and inferences drawn therefrom in the light most favorable to the non-moving party; after such examination, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Burleson v. Texas Department of Criminal Justice, 393 F.3d 577, 589 (5th Cir. 2004). If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial. Id., *citing* Allen v. Rapides Parish School Board, 204 F.3d 619, 621 (5th Cir. 2000).

The plaintiff cannot oppose summary judgment by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated or speculative assertions, or by only

a scintilla of evidence. Boudreaux v. Swift Transportation Co., Inc., 402 F.3d 536, 540 (5th Cir. 2005); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). There is no genuine issue for trial if the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party. Prison Legal News v. Livingston, 683 F.3d 201, 211 (5th Cir. 2012).

The court has no obligation to sift the record in search of evidence to support a party's opposition to summary judgment. Adams v. Traveler's Indemnity Co., 465 F.3d 156, 164 (5th Cir. 2008). Instead, a party opposing summary judgment must identify specific evidence in the record that supports the challenged claims and articulate the precise manner in which that evidence supports the challenged claim. Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). A properly supported motion for summary judgment should be granted unless the opposing party produces sufficient evidence to show that a genuine factual issue exists. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

A review of the pleadings and summary judgment evidence in this case shows that there are no disputed issues of material fact and the Defendant Penny Clarkston is entitled to judgment as a matter of law because the Plaintiff Robert Britt did not set out a constitutional claim for denial of access to court. Consequently, the Defendant's motion for summary judgment should be granted.

## RECOMMENDATION

It is accordingly recommended that the Defendant Penny Clarkston's motion for summary judgment (docket no. 35) be granted and the claims against her be dismissed with prejudice. Because Clarkston is the last remaining Defendant in the lawsuit, it is further recommended that final judgment be entered in the case.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See* Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. Duarte v. City of Lewisville, 858 F.3d 348, 352 (5th Cir. 2017).

**So ORDERED and SIGNED this 19th day of December, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE